# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TREVOR MURIE,<br><br>On behalf of himself and all other persons similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SERVICEMASTER RESTORATION BY RECOVERY PROS LLC; RED CARPET RESTORATION L.L.C.; and LANECO LLC,<br><br>        Defendants. | Case No. 2:21-cv-2069 |

## COMPLAINT

Plaintiff Trevor Murie, on behalf of himself and all others similarly situated, asserts this representative action against Defendants ServiceMaster Restoration by Recovery Pros LLC, Red Carpet Restoration L.L.C., and LaneCo LLC (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and wage-related class claims under state law pursuant to Fed. R. Civ. P. 23. In support of this lawsuit, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. Pursuant to the FLSA, Plaintiff alleges that he and all other similarly situated employees of Defendants are entitled to: (i) unpaid wages including overtime premiums for all hours worked exceeding 40 in a workweek; and (ii) liquidated damages.

2. Defendants' practices and policies are to willfully fail and refuse to properly pay overtime compensation due Plaintiff and all other similarly situated employees who work for them.

3. Defendants' practices are in direct violation of the FLSA and Plaintiff seeks overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**PARTIES**

4. Defendant ServiceMaster Restoration by Recovery Pros LLC is a for-profit company registered in Kansas and operating and conducting business in Kansas and Missouri, including at its headquarters in Johnson County, Kansas. Defendant ServiceMaster Restoration can be served through its registered agent at its registered office: Lane Slaten, 450 E. Santa Fe, Olathe, KS 66061.

5. Defendant Red Carpet Restoration L.L.C. is a for-profit company registered in Kansas and operating and conducting business in Kansas and Missouri, including at its headquarters in Johnson County, Kansas. Defendant Red Carpet Restoration can be served through its registered agent: Lane Slaten, 11040 S. Green Rd., Olathe, KS 66061.

6. Defendant LaneCo LLC is a for-profit company registered in Kansas and operating and conducting business in Kansas and, upon information and belief, Missouri. Defendant LaneCo is headquartered in Johnson County, Kansas, and can be served through its registered agent: LaneCo LLC, 11040 S. Green Rd., Olathe, KS 66061.

7. Upon information and belief, Defendants ServiceMaster Restoration, Red Carpet Restoration, and LaneCo all are owned, in whole or in part, by Lane Slaten.

8. Defendants were joint employers of Plaintiff and the Putative Plaintiffs/Class Members.

9. Plaintiff Trevor Murie is a citizen of the State of Kansas. At all relevant times, he was misclassified as an exempt employee when, in fact, he worked as an hourly, non-exempt employee for Defendants, performing cleaning services and other jobs as directed. Others similarly situated for the purposes of this collective and/or class action also were misclassified and, in fact, work and/or worked as hourly, non-exempt employees of Defendants, performing cleaning services and other jobs as directed.

10. Defendants willfully failed to pay overtime compensation to Plaintiff and all other similarly situated employees in direct violation of the FLSA.

11. Plaintiff's consent to become a party plaintiff pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

12. At all relevant times, Defendants were "employers" and Plaintiff and those similarly situated to him were Defendants' "employees" within the meaning of the FLSA, 29 U.S.C. § 203.

13. At all relevant times, Defendants were engaged in interstate commerce and had gross operating revenues in excess of $500,000.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA.

15. The United States District Court for the District of Kansas has personal jurisdiction because Defendants are registered in Kansas, have registered agents in Kansas,

regularly operate in Kansas, and Plaintiff worked for Defendants in, among other places, Johnson County, Kansas, which is located within this District.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District.

### GENERAL CLASS AND COLLECTIVE ACTION ALLEGATIONS

17. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), in that, Plaintiff's claims are similar to the claims of the Putative Plaintiffs.

18. The Putative Plaintiffs/Class Members are those current and former technicians/laborers of Defendants who were suffered or permitted to work by Defendants while not being paid overtime compensation for all hours worked in excess of 40 hours in a workweek.

19. At all relevant times, Defendants had a policy and practice of failing and refusing to pay its hourly technician/laborer employees overtime compensation for all hours worked in excess of 40 hours per workweek.

20. Plaintiff and all Putative Plaintiffs/Class Members were subject to Defendants' policies and practices of failing and refusing to compensate employees at their required rate of pay for all hours worked.

21. Common questions of law and fact predominate in this action because Plaintiff's claims and the claims of all others similarly situated are based on whether Defendants' policy and practice of failing to pay its technicians/laborers overtime for all hours worked in excess of 40 hours per workweek violates the FLSA.

22. Plaintiff will adequately represent the interests of the Putative Plaintiffs/Class Members because Plaintiff is similarly situated to the Putative Plaintiffs/Class Members and Plaintiff's claims and those of the Putative Plaintiffs/Class Members are of the same type.

23. There are no known conflicts of interest between Plaintiff and any Putative Plaintiffs/Class Members.

24. The class and/or collective action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

25. Proceeding as a class and/or collective action will permit the potentially large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.

26. The class satisfies the numerosity standards, in that, it is believed that more than 25 class members exist. Class members may be informed of the pendency of this class action through direct mail.

27. A collective action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate, and numerous, repetitive individual actions would place an unnecessary burden on the courts as they would be required to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

28. Individual joinder of all Putative Plaintiffs/Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Putative Plaintiffs/Class Members.

29. The questions of law and fact common to the class include, without limitation, the following:

 a. Whether class members were paid and/or were eligible to receive overtime compensation when performing work in excess of 40 hours per week; and

 b. Whether Defendants knew or had reason to know such policies and compensation practices were unlawful.

30. Each Putative Plaintiff/Class Member has been damaged and is entitled to recovery for Defendants' illegal policies and practices of permitting, suffering and/or failing to properly compensate employees for their regular or statutorily required rate of pay for all hours worked.

31. The interests of the members of the class will be fairly represented by the Plaintiff and protected by the undersigned counsel, who have experience in employment and class action lawsuits.

32. Plaintiff was employed by Defendants from approximately March 18, 2019, until approximately August 26, 2020.

33. Plaintiff was employed by Defendants as a technician/laborer; he provided cleaning services to Defendants' clients and performed errands and odd jobs for Defendants, all as directed by Defendants.

34. As per Defendants' policy and practice, Plaintiff worked for all of the Defendants but was paid only by one Defendant.

35. Plaintiff worked for Defendants in both Kansas and Missouri.

36. Plaintiff was paid an hourly rate of $15 to $17 regardless of how many hours he worked.

37. Defendants never paid Plaintiff at a rate of not less than 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 hours in a workweek.

38. Plaintiff regularly worked in excess of 40 hours in a workweek.

39. Prior to and during Plaintiff's employment with Defendants, Defendants employed numerous other individuals who had the same compensation structure as Plaintiff.

40. Plaintiff brings this Complaint as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as technicians/laborers within three years from the commencement of this action who have not been paid overtime compensation for all work performed in excess of 40 hours per workweek.

41. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to § 16 of the FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff because Plaintiff's claims are similar to the claims of the Putative Plaintiffs.

42. Plaintiff is similarly situated, had substantially similar job requirements and pay provisions, and was subject to Defendants' common practice, policy, or plan of refusing to properly pay overtime compensation in violation of the FLSA.

<u>COUNT I – FLSA OVERTIME CLAIM</u>

43. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as if fully set forth in Count I.

44. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than 1.5 times the employee's regular rate of pay

for work performed in excess of 40 hours in a workweek. Defendants failed to do this and, accordingly, violated the FLSA, including 29 U.S.C. § 207.

45. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are entitled to compensation at a rate of 1.5 times their regular rate for all overtime hours worked.

46. Defendants policy was and is to pay its employees the same straight time hourly rate regardless of whether the employees work overtime; Defendants' violation of the FLSA is continual in nature.

47. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Plaintiff, for himself and on behalf of all others similarly situated, seeks damages in the amount of 1.5 times their regular rate of pay for all work performed in excess of 40 hours per week, liquidated damages, and recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems appropriate.

49. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation policies, plans and/or procedures that require these employees to perform work without proper compensation.

50. Plaintiff brings Count I as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practices of failing to pay Plaintiff and other employees the overtime premiums to which they are entitled. The class for the FLSA claims is defined as follows:

> All current and former technicians and laborers of Defendants who were not fully compensated at the applicable wage rates for all work performed.

51. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

52. Plaintiff brings Count I on behalf of all persons who were, are, or will be employed by Defendants as similarly situated employees within 3 years from the commencement of this lawsuit who have not been compensated with proper overtime pay.

53. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from Defendants' records, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

WHEREFORE, Plaintiff, on behalf of himself and all putative members of this representative action, prays for relief as follows:

    a. Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. § 216(b);

    b. Designation of Plaintiff Murie as Representative Plaintiff of the putative representation action plaintiffs;

    c. Designation of Plaintiffs' counsel—Riemann Injury Litigation LLC and Bertram & Graf, L.L.C.—as Class Counsel of the putative members of the FLSA Representative Action;

d. An award of damages for unpaid overtime compensation due to the Plaintiff and the putative representative action plaintiffs, to be paid by Defendants;

e. An award of liquidated damages for unpaid overtime compensation due to the Plaintiff and the putative representative action plaintiffs, to be paid by Defendants;

f. Pre-judgment and post-judgment interest as provided by law;

h. Plaintiff's costs and expenses of this action, including expert fees;

i. Reasonable attorneys' fees; and

j. Any and all such other and further relief as this Court deems necessary, just, and proper.

### COUNT II – FAILURE TO PAY OVERTIME – KANSAS

54. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as if fully set forth in Count II.

55. Plaintiff brings Count II as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56. Count II seeks alternative relief in the event Defendants are not FLSA-covered employers. If Defendants are "employers" under the FLSA, then Count II is not actionable and will be dismissed by Plaintiff.

57. Defendants violated Kansas law, K.S.A. 44-1204, by failing to pay overtime compensation as alleged throughout this Complaint.

58. Defendants are Kansas employers; Plaintiff and those similarly situated to Plaintiff are Kansas employees.

59. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class-wide basis, challenging Defendants' practices of failing to pay Plaintiff and other similarly situated employees proper overtime compensation.

60. The Rule 23 Kansas Overtime Class is defined as follows:

All current and former technicians and laborers of Defendants who worked for Defendants in the State of Kansas at any time during the two years preceding the filing of this lawsuit and who performed work without proper compensation.

61. As a result of Defendants' willful violations of Kansas law, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and other similarly situated employees in the State of Kansas for which Defendants are liable pursuant to K.S.A. 44-1211 and 44-1204.

62. Plaintiff and all similarly situated employees are entitled to damages equal to the amount of unpaid overtime within two years preceding the filing of this lawsuit plus costs and attorney fees.

WHEREFORE, Plaintiff, and all similarly situated individuals, demand judgment against Defendants and ask for: (1) compensatory damages; (2) attorney fees and costs as allowed by K.S.A. 44-1211; (3) pre- and post-judgment interest as provided by law; and (4) such other relief the Court deems fair and equitable.

### COUNT III – FAILURE TO PAY OVERTIME – MISSOURI

63. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as if fully set forth in Count III.

64. Plaintiff brings Count III as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

65. Defendants violated Missouri law, Mo. Rev. Stat. § 290.500, *et seq.*, including Mo. Rev. Stat. § 290.505, by failing to pay Plaintiff and other similarly situated employees overtime premiums for hours worked in excess of 40 in a workweek.

66. Defendants are Missouri employers pursuant to Mo. Rev. Stat. § 290.500(4), and Plaintiff and other similarly situated employees of Defendants are employees pursuant to Mo. Rev. Stat. § 290.500(3).

67. Defendants violated Mo. Rev. Stat. § 290.505 by failing to pay employees for overtime, and Defendants unlawful policy is ongoing.

68. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class-wide basis, challenging Defendants' practices of failing to pay Plaintiff and other similarly situated employees proper overtime compensation.

69. The Rule 23 Missouri Overtime Class is defined as follows:

> All current and former technicians and laborers of Defendants who worked for Defendants in the State of Missouri at any time during the two years preceding the filing of this lawsuit and who performed work without proper compensation.

70. As a result of Defendants unlawful practices, overtime compensation has been wrongfully withheld from Plaintiff and other similarly situated employees for which Defendants are liable pursuant to Mo. Rev. Stat. §§ 290.505 and 290.527. Defendants also are liable for liquidated damages, pre- and post-judgment interest, reasonable attorney fees, and the costs of this action.

WHEREFORE, Plaintiff, and all similarly situated individuals, demand judgment against Defendants and ask for: (1) compensatory damages; (2) liquidated damages; (3) attorney fees and costs as allowed by Mo. Rev. Stat. § 290.527; (4) pre- and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims so triable.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Plaintiff requests that trial be held in Kansas City, Kansas.

Dated: February 9, 2021

Respectfully submitted,

**RIEMANN INJURY LITIGATION LLC**

By: ___s/ Tim J. Riemann___
    Tim J. Riemann, KS Bar # 21737
    1600 Genessee Street, Suite 860
    Kansas City, Missouri 64102
    Tel:   (816) 348-3003
    Fax:  (816) 895-6351
    Email: tim@injurylit.com

-and-

Timothy R. West, KS Bar #23892
BERTRAM & GRAF, L.L.C.
2345 Grand Boulevard, Suite 1925
Kansas City, Missouri 64108
Tel:   (816) 523-2205
Fax:  (816) 523-8258
Email: tim@bertramgraf.com

**ATTORNEYS FOR PLAINTIFF**