IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TREVOR MURIE, on behalf of himself
and all other persons similarly situated,

        Plaintiff,

v.                                                        Case No.  21-2069-JWB

SERVICEMASTER RESTORATION BY
RECOVERY PROS LLC, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Plaintiff's motion to dismiss Defendant ServiceMaster Restoration by Recovery Pros, LLC's ("ServiceMaster") counterclaims. (Doc. 15.) The motion is fully briefed and ripe for decision. (Docs. 16, 19, 20). Plaintiff's motion is GRANTED for the reasons stated herein.

**I.    Facts**

Plaintiff's complaint alleges that Defendants failed to pay overtime wages and misclassified him as an exempt employee in violation of both federal and state law. (Doc. 1 at 3.) Defendants include ServiceMaster, Red Carpet Restoration LLC, and Laneco LLC. Plaintiff alleges that Defendants were joint employers and that they are owned, in whole or in part, by Lane Slaten. Plaintiff's overtime claims are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, and state law (both Missouri and Kansas). Additionally, Plaintiff alleges a collective claim under the FLSA for similarly situated employees. Plaintiff also alleges a class claim with respect to his state law claims.

1

On July 19, 2021, ServiceMaster filed an amended answer and raised counterclaims of conversion and unjust enrichment against Plaintiff. According to ServiceMaster's allegations, Plaintiff took possession of ServiceMaster's property, including a camera and air movers, without consent. (Doc. 12 at 17.) ServiceMaster seeks damages of not less than $13,450 for the conversion of its property.

Plaintiff moves to dismiss the counterclaims on the basis that the court lacks jurisdiction over the state law claims.

## II. Standard

Federal courts are courts of limited jurisdiction and there is a presumption against federal jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). As the party invoking this court's jurisdiction, ServiceMaster has the burden to show it is proper. *Id.* When the court lacks subject matter jurisdiction, it "must dismiss the cause at *any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (emphasis in original).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, such as in this case, the court must accept all such allegations as true. *Id*.

## III. Analysis

ServiceMaster's counterclaims are brought under Kansas state law. Therefore, this court does not have original jurisdiction over those claims. When state law claims are sufficiently related to a pending federal question claim, this court has discretion to exercise supplemental jurisdiction

over those claims.  *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000).  Under 28 U.S.C. § 1367(a), in a "civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  The Supreme Court has interpreted this statute as requiring the federal and state law claims to derive from "a common nucleus of operative fact" for the court to exercise supplemental jurisdiction over those claims.  *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997).

Plaintiff argues that this court lacks supplemental jurisdiction over the counterclaims because they do not form part of the same case or controversy as the wage-related claims asserted by Plaintiff and the proposed collective class.  (Doc. 16 at 1.)  ServiceMaster contends that they are related to the same controversy because they arose out of the "same nucleus of facts needed to adjudicate Plaintiff's claims."  (Doc. 19 at 2.)

As ServiceMaster bears the burden here, the court will review its arguments pertaining to jurisdiction.  ServiceMaster argues that the issues in this case will revolve around Plaintiff's employment relationship with Defendants because it is their position that he was an independent contractor and not an employee.  Therefore, ServiceMaster asserts that the employment relationship, along with the terms of the employment, specific acts, performance, supervision, and opportunity for profit or loss will be at issue in this case.  ServiceMaster, however, fails to explain how an alleged conversion of property is related to an issue of Plaintiff's status as an employee.

First, "the employer-employee relationship alone is insufficient to create a common nucleus of operative fact between an FLSA claim and a state law claim." *Jones v. Addictive Behav. Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1263 (D. Kan. 2019).  Second, Plaintiff's claim

3

for overtime rests on an entirely different set of facts than ServiceMaster's counterclaims for conversion and unjust enrichment. Plaintiff will have to establish that he was an employee, show the number of hours worked, the pay received, and the pay he should have received to prove his claim for unpaid overtime. *See id.* In contrast, to prove its counterclaim of conversion, ServiceMaster will be required to show that Plaintiff assumed or exercised the right of ownership over ServiceMaster's property without authorization and to the exclusion of ServiceMaster's rights. *Bomhoff v. Nelnet Loan Services, Inc.*, 279 Kan. 415, 421, 109 P.3d 1241, 1246 (2005). To prove its counterclaim of unjust enrichment, ServiceMaster will be required to show that it conferred a benefit on Plaintiff, Plaintiff knew of the benefit, and he retained the benefit under circumstances which would make it inequitable for Plaintiff to retain the benefit without paying for it. *Northern Natural Gas Co. v. L.D. Drilling, Inc.*, 405 F. Supp. 3d 981, 1018 (D. Kan. 2019). Essentially, the evidence regarding these counterclaims will involve the circumstances surrounding the alleged conversion of ServiceMaster's property by Plaintiff. The facts required to prove these counterclaims do not arise from the common nucleus of operative facts as Plaintiff's overtime claims. *See Reyes v. ML Enterprises*, No. 21-C-0437, 2021 WL 2226108, at *3 (E.D. Wis. June 2, 2021) ("Whether the plaintiff actually stole the tools or negligently drove the truck does not figure into the analysis of whether the defendants paid him for all hours worked as required by the FLSA.") Notably, Plaintiff's employment status has no relevance as to whether Plaintiff is liable in tort for converting ServiceMaster's property. Plaintiff can be found liable for converting the property even if he was never employed by ServiceMaster. *See id.* at *2.

Authority in this District similarly does not support ServiceMaster's position. ServiceMaster cites to *Jones* in support of its argument that allowing the counterclaims to proceed would serve the interests of judicial economy. (Doc. 19 at 7-8.) In *Jones*, the court allowed the

4

unjust enrichment claim to proceed because it was based on an alleged overpayment for holiday pay. 364 F. Supp. 3d at 1264–65. The court explained that this counterclaim directly related to wages earned and paid and, therefore, the exercise of supplemental jurisdiction was appropriate. *Id.* In contrast, the court dismissed the breach of contract counterclaim, which was based on a failure to pay a car loan, because that claim was not related to wages earned. *Id.* at 1263-64. *Jones* does not support ServiceMaster's argument that its claims arise out of a common nucleus of operative facts as the overtime claims.[1] This court has routinely dismissed counterclaims when they do not overlap with the narrow claim of unpaid overtime. *See, e.g.*, *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 640733, at *3 (D. Kan. Mar. 6, 2008).

ServiceMaster spends much effort discussing Kansas law with respect to the employment relationship but then fails to explain how that law supports a finding that conversion of its property is related to the evidence that will be needed to show an employment relationship. ServiceMaster has failed to show that there is an overlap of legally pertinent facts or legal principles involving Plaintiff's claims and ServiceMaster's counterclaims.

Moreover, the Tenth Circuit disfavors the exercise of supplemental jurisdiction over state-law counterclaims in FLSA actions. *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983). In *Donovan*, the employer had attempted to assert "set-offs, counterclaims, and third-party complaints based upon claims that two of his employees allegedly owed him money for sums which he had advanced to them and that certain employees were liable to him in tort for acts of sabotage." *Id.* The district court denied these requests and the Tenth Circuit found no error holding that the purpose of the action was to bring the employer into compliance with the FLSA and that

---

[1] The court notes that this issue is not settled in this District as another court found that an allegation of unearned vacation was not related to Plaintiff's allegations of unpaid overtime. *See McFeeters v. Brand Plumbing, Inc.*, No. 16-1122-EFM-KGS, 2016 WL 6581515, at *1–3 (D. Kan. Nov. 7, 2016).

to allow these claims "against his employees would delay and even subvert the whole process." *Id.* The employer was "free to sue his employees in state court...." *Id.*

ServiceMaster has not shown that its counterclaims arise out of a common nucleus of operative facts with Plaintiff's overtime claims.[2] Therefore, this court lacks jurisdiction over the counterclaims. ServiceMaster may bring its claims in state court.

## IV.   Conclusion

Plaintiff's motion to dismiss ServiceMaster's counterclaims is GRANTED.

IT IS SO ORDERED.  Dated this 20th day of September, 2021.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[2] ServiceMaster also argues that its counterclaims are compulsory counterclaims because they are logically related to Plaintiff's claim. (Doc. 19 at 3.) Because the counterclaims are not related as discussed herein, they are not compulsory counterclaims. *See Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1104 (10th Cir. 2007) (discussing four-factor test to determine whether a counterclaim is compulsory).